MEMORANDUM **
Rafael Jimenez-Rodriguez appeals from the 46-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Jimenez-Rodriguez contends that the district court treated the Guidelines range as compulsory or, alternatively, as presumptively reasonable. Because Jimenez-Rodriguez did not object on these grounds in district court, plain error review applies. See United States v. Dallman, 533 F.3d 755, 761 (9th Cir.2008). We conclude that Jimenez-Rodriguez cannot demonstrate “a reasonable probability that he would have received a different sentence” but for any error. See id. at 762.
Jimenez-Rodriguez further contends that his sentence is unreasonable because the district court did not apply a variance to offset the impact upon his advisory Guidelines range which resulted from a 16-level upward adjustment for a prior crime of violence, and the addition of two criminal history points pursuant to U.S.S.G. § 4Al.l(e). In light of the totality of the circumstances, we conclude that the sentence, at the lowend of the applicable Guidelines range, is reasonable. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc); see also United States v. Barsumyan, 517 F.3d 1154, 1158-60 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.